792 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
vs.
WYNE DRAPERY SERVICE, INC., MARY RISSIO, D/B/A MADISON
CLEANERS, AND JOHN RISSIO, D/B/A WAYNE DESIGN, Respondents.
 86-5141
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 ORER ENFORCED
 N.L.R.B.
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, Wayne Drapery Service, Inc., Mary Rissio, d/b/a Madison Cleaners, and John Rissio, d/b/a Wayne Design, Detroit, Michigan, their officers, agents, successors, and assigns, enforcing its order dated 20 November 1985, in Case NO. 7-CA-23582, and the court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondents, Wayne Drapery Service, Inc., Mary Rissio, d/b/a Madison Cleaners, and John Rissio, d/b/a Wayne Design, Detroit, Michigan, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Refusing to bargain with Chicago and Central States Joint Board Amalgamated Clothing and Textile Workers Union, AFLCIO, by unilaterally discontinuing contributions to the Union's insurance and pension funds as required by the collective-bargaining agreement, and by failing and/or refusing to timely remit dues payments to the Union as required by the collective-bargaining agreement until the expiration thereof.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 5
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 6
 (a) Make whole unit employees by paying all insurance and pension fund contributions required by the collective-bargaining agreement, which have not been paid and which would have been paid absent the Respondents' unlawful unilateral discontinuance of such payments, and by reimbursing them for any expenses ensuing from the Respondents' unlawful failure to make such payments, in the manner set forth in the section of the Board's decision entitled 'Remedy.'
 
 
 7
 (b) Remit to the Union any withheld dues payment for the period from about 29 December 1983 through 31 March 1984, and make whole any employees for any moneys deducted from their pay for dues after 31 March 1984.
 
 
 8
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 9
 (d) Post at their facilities at 18980 Schaefer and at 5708 West Warren Avenue, Detroit, Michigan, copies of the attached notice marked 'Appendix.' Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places including places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 10
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondents have taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 11
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 12
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT refuse to bargain with Chicago and Central States Joint Board, Amalgament Clothing and Textile Workers Union, AFL-CIO, as the exclusive representative of the employees in the bargaining unit by unilaterally discontinuing contributions to the Union's insurance and pension funds as required by the collective-bargaining agreement, and failing and/or refusing to timely remit dues payments to the Union as required by the collective-bargaining agreement until the expiration thereof.
 
 
 15
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 16
 WE WILL make whole our unit employees by paying all insurance and pension fund contributions required by the collective-bargaining agreement, and by reimbursing them for any expenses ensuing from the failure to make such payments.
 
 
 17
 WE WILL remit to the Union any withheld dues payment for the period 29 December 1983 through 31 March 1984, and make whole any employees for any moneys deducted from their pay for dues after 31 March 1984.
 
 
 18
 WAYNE DRAPERY SERVICE, INC., MARY RISSIO, d/b/a MADISON CLEANERS, AND JOHN RISSIO, d/b/a WAYNE DESIGN (Employer)
 
 
 19
 Dated --------
 
 By -------- (Representative)
 
 20
 -------- (Title)
 
 
 21
 This is an official notice and must not be defaced by anyone.
 
 
 22
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226, Telephone 313-226-3244.